NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
                                 :

BIJES MANAGEMENT, LLC,        :
                                 :

        Appellant,          :              Civil Action No. 11-6296 (JAP)
                                 :

        v.                  :
                                 :

TRISTATE CAPITAL BANK,      :        **OPINION**
                                 :

        Appellee.          :
_____:

PISANO, District Judge.

      Presently before the Court is Appellant Bijes Management, LLC's motion for a stay pending appeal of the United States Bankruptcy Court's order granting Appellee Tristate Capital Bank full relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).  Appellant also seeks expedited relief, having filed an application for an order shortening the time period for notice on October 28, 2011.  For the reasons below, the Court denies Appellant's motion for a stay pending appeal.  As a result, the Court need not reach Appellant's application for expedited relief.

      On October 17, 2011, the Bankruptcy Court granted Appellee full relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2), thereby permitting Appellee to commence an action to foreclose the mortgage encumbering Appellant's property in Edison, New Jersey.  Subsequently, on October 25, 2011, the Bankruptcy Court denied Appellant's motion for a stay pending appeal after considering the parties' briefs and arguments.

      A party seeking a stay pending appeal must ordinarily apply to the bankruptcy court in the first instance.  Fed. R. Bankr. P. 8005.  After doing so, the party may then move for a stay in

the district court, but must show in its motion why the relief sought was not obtained from the bankruptcy judge. *Id.* In determining whether a motion for a stay pending appeal should be granted, the Court considers four factors: (1) whether the appellant is likely to succeed on the merits of the appeal; (2) whether the appellant will suffer irreparable injury if the stay is not granted; (3) whether a stay would substantially harm other parties in the litigation; and (4) whether a stay is in the public interest. *Family Kingdom, Inc. v. EMIF New Jersey Limited Partnership*, 225 B.R. 65, 69 (D.N.J. 1988).

Here, as an initial matter, Appellant fails to show in the instant motion why its initial request for a stay pending appeal filed in the Bankruptcy Court was not obtained. Indeed, as Appellee correctly notes, Appellant appears to merely "set forth in its Motions the same arguments presented at the Stay Relief Hearing." Appellee's Opp. Br. at 8. Thus, because Appellant does not make any affirmative showing as to why the Bankruptcy Court erred in denying its motion for a stay pending appeal, the threshold requirement under Fed. R. Bankr. P. 8005 has not been met.

Moreover, as to the first factor to consider in addressing a motion for a stay pending appeal, Appellant has failed to offer any evidence or set forth any facts indicating a likelihood of success on the merits of its appeal. Pursuant to Bankruptcy Code Section 362(d)(2), the Court is to grant relief from the automatic stay if: (a) the Debtor does not have equity in the property; and (b) the property is not necessary for an effective reorganization. In its brief filed with this Court, the Appellant fails to identify, or even suggest, how the Bankruptcy Court erred in finding that the property is not necessary for an effective reorganization under § 362(d)(2)(a). The Appellant admits that there is no equity in the property and, after summarizing the arguments raised before the Bankruptcy Court, merely concludes without support that "[g]ranting relief from the

2

automatic stay represents the death knell to unsecured creditors receiving any distribution under the bankruptcy plan."  Appellant's Br. at 3-4.  This is insufficient to demonstrate that Appellant is likely to succeed on the merits of its appeal.

Additionally, the Court notes that the balance of Appellant's arguments as to the remaining three factors are similarly deficient.   Appellant's concerns regarding the potential appointment of a rent receiver do not justify a finding of irreparable injury,[1] and Appellant fails to demonstrate that Appellee will not suffer substantial harm if the stay is granted, or that granting the stay is in the public interest.  Accordingly, Appellant's motion for a stay pending appeal of the Bankruptcy Court's order granting Appellee relief from the automatic stay is denied.  An appropriate Order will follow.

/s/ JOEL A. PISANO
United States District Judge

Dated: October 31, 2011

---

[1] Based upon the submissions of the parties, it appears that the foreclosure process is proceeding in state court, and a hearing is scheduled for November 1, 2011 on an order to show cause to appoint a rent receiver.  The Court sees no justification for interfering with the state court proceedings.